UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, et al.,<br><br>   Defendants. | Case No. 19-cv-01391-CRB   (JSC)<br><br>**ORDER RE: PROTECTIVE ORDER DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 69 |

Now pending before the Court is a discovery dispute joint letter brief regarding the proposed protective order governing discovery of confidential information in this action. (Dkt. No. 69.) After carefully considering the parties' written submission, the Court concludes that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

**1.     SEC Proposed Section 7.5**

The SEC asks the Court to order the following provision to be included in the protective order:

> 7.5 SEC Permissible Uses.  Notwithstanding any other provision in this Order, the SEC may, with prior written notice provided to the Designating Party, unless prohibited by law from providing such notice, disclose Protected Material to U.S. federal, state, or foreign governments, or regulatory authorities.  Upon receiving notice of the SEC's intent to disclose Protected Material under this provision, the Designating Party may challenge such disclosure in the same manner and pursuant to the same restrictions as outlined below in Section 8.

The Court declines to order this provision's inclusion.

The SEC's proposal eviscerates the protective order's purpose of maintaining the confidence of confidential information.  It allows for the disclosure of confidential information to non-United States governments or regulatory authorities without requiring them to commit to

maintaining the information's confidence.  Further, even if the SEC's proposal required these unknown regulatory authorities and foreign governments to maintain the information's confidentiality, this Court does not have jurisdiction to enforce such a provision against foreign government or regulatory authorities.  The SEC is thus asking that it be allowed to make material properly designated as confidential not confidential.  The SEC's lament that Defendants have over-designated material as confidential is not persuasive.  The protective order provides a process for challenging confidentiality designations and it requires such designations to be made in good faith.  Thus, the SEC already has the ability to share information that is not, in fact, confidential within the meaning of the protective order.

The SEC's proposed requirement that it give notice to Defendants before disclosing any confidential information and that Defendants can then object to the disclosure pursuant to Section 8 of the protective order is inadequate.  That Section governs when a party has been served with a subpoena or court order from another court which, in any event, is a rare occurrence.  There is nothing in the SEC's submission that suggests its decision to provide confidential information to a non-party will be a rare occurrence.

The cases the SEC cites do not persuade the Court otherwise as none addresses the sharing of confidential information obtained from civil discovery.  In *United States v. Fiore,* 381 F.3d 89, 94 (2d Cir. 2004), for example, the court merely stated that there is "no general rule preventing the SEC's sharing of evidence acquired through civil discovery with criminal prosecutors."  The court did not say that the SEC can share confidential information governed by a protective order with criminal prosecutors, let alone with foreign governments or regulators.  *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1385 (D.C. Cir. 1980)(en banc), addressed the sharing of information obtained in parallel criminal and civil investigations, not the sharing of confidential information governed by a protective order in civil litigation.

There is good reason for the lack of caselaw support for the SEC's proposal.  To include such a provision in a protective order will make defendants (as it is almost always defendants) even more reluctant to cooperate in the production of confidential discovery because they are not producing documents just for the current litigation, but potentially for whatever entity the SEC

2

wants to share the information with—even foreign governments.  Such understandable reluctance will complicate the discovery, management and resolution of the civil case in which the documents are sought and relevant to in the first instance.  The Court declines to adopt the SEC's unprecedented provision.

### 2. Restriction on Disclosure and/or Use in Actions Outside of the United States

The SEC seeks to include a provision that allows it to share confidential information with foreign legal counsel retained to assist the SEC in this action provided the foreign attorney first agree to be bound by the protective order's confidentiality provision.  Defendants claim such protections are insufficient and instead insists that the SEC should be precluded from sharing the information with any foreign attorney that is involved "in pending or threatened litigation or pending or threatened regulatory/criminal/administrative proceedings outside of the United States relating to or arising out of the diesel emissions issue."

The SEC's concern with Defendants' proposal appears to be that it is so broad as to be unworkable, not that it should be allowed to retain and share confidential information with foreign attorneys litigating against Defendants.  Indeed, the SEC offers no justification for being allowed to share Defendants' confidential information with foreign attorneys litigating against Defendants. It also does not claim that it is unable to locate and retain non-conflicted counsel to assist it with this case.  Accordingly, for now, the Court adopts Defendants' proposed language.  If, in fact, it proves unworkable then a modification may be required, but that is not at all apparent on the present record.

This Order disposes of Docket No. 69.

**IT IS SO ORDERED.**

Dated:  September 23, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge