1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES SECURITIES AND            Case No.  19-cv-01391-CRB   (JSC)
     EXCHANGE COMMISSION,

8                                            **ORDER RE: PLAINTIFF'S MOTION**
                  Plaintiff,                 **TO COMPEL DEFENDANTS TO**
9                                            **SUPPLEMENT INTERROGATORY**
            v.                               **ANSWERS**

10                                           Re: Dkt. No. 77
     VOLKSWAGEN
11   AKTIENGESELLSCHAFT, et al.,

12                Defendants.

13

14          Pending before the Court is a discovery dispute joint letter regarding Plaintiff's demand

15   that Defendants supplement answers to interrogatories.  (Dkt. No. 77.)  After carefully considering

16   the parties' joint submission, the Court concludes that oral argument is not necessary.  *See* N.D.

17   Cal. Civ. L.R. 7-1(b).

18          Plaintiff contends certain statements in the Bond Offering Memoranda and responses to the

19   Due Diligence Questionnaires were false and misleading. It served a second set of interrogatories

20   asking Defendants to identify the persons who "drafted, reviewed, approved or furnished"

21   information for the challenged statements. Defendants responded by identifying two or three

22   persons who were "responsible" for the sections and responses and, pursuant to Federal Rule of

23   Civil Procedure 33(d), referring Plaintiff to certain documents by bates number.  Plaintiff claims

24   these responses are inadequate. The Court agrees.

25          First, stating that a person was "responsible" for a section or response does not disclose

26   whether that person drafted, reviewed, approved or furnished information for the section or

27   response.  Defendants instead must answer under oath that the identified person "drafted,

28   reviewed, approved or furnished information" for the section or response, assuming such fact is

1    true. *See* Fed. R. Civ. P. 33(b)(5).  Such "requirement is critical because interrogatories serve not

2    only as a discovery device but as a means of producing admissible evidence; there is no better

3    example of an admission of a party opponent, which is admissible because it is not hearsay, than

4    an answer to an interrogatory." *Spence v. Kaur*, 2020 WL 7406294, at *9 (E.D. Cal. Dec. 17,

5    2020) (cleaned up).

6          Second, Defendants' reliance on Rule 33(d) is insufficient.  The identified documents do

7    not necessarily answer which persons, if any, VW contends "drafted, reviewed, approved or

8    furnished information" for the section or response.  It is not self-evident from the identified

9    documents which persons engaged in such conduct. For example, Gunnar Krause is copied on

10   certain identified emails, the direct recipient of certain identified emails, and the drafter of certain

11   identified emails.  (Dkt. No. 77-3 at 28, 29, 61.)  Yet, Defendants assert elsewhere that Mr. Krause

12   was not connected to any of the statements.  (Dkt. No. 77-6 at 2 n.1.)  This disconnect

13   demonstrates that the identified documents are subject to interpretation, and Plaintiff is entitled to

14   know how Defendants interpret whether a person mentioned in the documents "drafted, reviewed,

15   approved or furnished" information in the section or response.  In other words, the identified

16   documents do not necessarily determine the answer to the interrogatories, and the burden of

17   deriving the answers is not the same for Plaintiff and Defendants because Plaintiff does not know

18   the context or background or how Defendants interpret the documents.  *See* Fed. R. Civ. P. 33(d).

19         Third, Defendants' responses  are inadequate as they do not state whether they are aware of

20   other people who "drafted, reviewed, approved or furnished information" for the section or

21   response but are not mentioned in the identified documents. "Each interrogatory must, to the

22   extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P.

23   33(b)(3).  Defendants have not fully answered the interrogatories.

24         That much time has passed since the challenged statements were made does not excuse

25   Defendants from answering the interrogatories.  Defendants must fully answer the interrogatories

26   under oath to the best of their ability.

27         Defendants shall supplement their responses to Plaintiff's Second Set of Interrogatories

28   consistent with this Order by February 10, 2022.

1    This Order disposes of Docket No. 77.

2    **IT IS SO ORDERED.**

3  Dated: January 11, 2022

4

5                                                        _____
                                                         JACQUELINE SCOTT CORLEY
6                                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3