UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-01391-CRB (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 85 |

　　　　After VW's "clean diesel" emissions fraud came to light in 2015, the U.S. Department of Justice brought criminal charges against the company, and VW pleaded guilty to three felony counts. Before VW's plea, DOJ met with VW's then-criminal counsel, from Jones Day, six times in 2016. During those meetings, Jones Day shared findings from its own investigation of VW and referred to 274 VW documents that were "central to the investigation." *Kalbers v. U.S. Dep't of Just.*, No. 18-cv-08439-FMO-PJW (C.D. Cal.), Dkt. 71-1, Stoller Decl. ¶ 34; *see also id.* ¶¶ 37, 41. Those documents represented a tiny fraction of the approximately 6.5 million documents that VW produced during the criminal investigation. *See id.* ¶ 34.

　　　　Fast forward to now. The SEC is suing VW for securities fraud, based on VW's failure to disclose its emissions fraud to investors. In discovery, VW has agreed to share with the SEC all relevant, non-privileged documents that VW produced to DOJ during the 2016 criminal investigation. But the SEC also wants VW to identify which documents Jones Day picked to discuss with DOJ during the six 2016 meetings. VW has refused to identify those documents, asserting that Jones Day's selection of them was attorney work product.

　　　　VW's position is legally sound. It's safe to assume that Jones Day didn't randomly choose documents to reference during the 2016 meetings. The firm's lawyers exercised their judgment.

That "selection process *itself* represents" attorney work product. *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985) (emphasis added). If VW was forced to identify the documents its attorneys picked, it would indirectly reveal its attorneys' "mental impressions" about what was important for the investigation. Fed. R. Civ. P. 26(b)(3)(B). Those mental impressions are "virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014) (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010)).

The SEC argues that because Jones Day doesn't represent VW now, in this civil case, the firm's prior work product shouldn't be protected. To the contrary, as VW correctly notes, "work product protection from a prior action applies, including when a party's counsel are not the same, provided that the asserting entity is, like VW here, the same party to the subsequent litigation." Dkt. 85 at 6 (emphasis omitted). "[T]he literal language of [Rule 26(b)(3)] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *FTC v. Grolier Inc.*, 462 U.S. 19, 25 (1983) (emphasis in original).

The SEC also argues that VW waived its work-product defense by not timely raising it in *Kalbers v. U.S. Department of Justice*, No. 18-cv-08439-FMO-PJW (C.D. Cal.), a FOIA lawsuit in which the plaintiff is seeking to obtain from DOJ the millions of documents that VW produced during the 2016 criminal investigation. The district court in *Kalbers* has not, to this Court's knowledge, held that VW waived work-product protection; and this Court won't speculate on whether the *Kalbers* court may someday reach that holding, or on whether such a holding would apply here. As things stand, no waiver has been established.

The Court won't compel VW to identify which documents its criminal counsel chose to highlight during the 2016 VW-DOJ meetings. That information is protected opinion work product. The SEC's request to compel its disclosure is denied.

**IT IS SO ORDERED.**

Dated: July 21, 2022

Alex G. Tse
United States Magistrate Judge