UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>       v.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, et al.,<br><br>             Defendants. | Case No. 19-cv-01391-CRB (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 104 |

     VW must produce Thorsten Duesterdiek for a deposition. Duesterdiek is a "managing agent" of VW. Fed. R. Civ. P. 37(d)(1)(A)(i).

\* \* \*

     A corporate litigant, like VW, can be compelled to produce one or more of its officers, directors, or managing agents to sit for a deposition at the request of the opposing party. To determine if a proposed witness is a managing agent, courts often consider the following factors:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; and (4) the general responsibilities of the individual respecting the matters involved in the litigation.

*In re PFA Ins. Mktg. Litig.*, No. 18-CV-03771-YGR, 2021 WL 5991681, at \*1 (N.D. Cal. Nov. 4, 2021) (emphasis omitted) (quoting *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012)).

Applied here, three of these factors support a finding that Duesterdiek is a managing agent of VW. The remaining factor (Factor 2) doesn't outweigh the others.

*Factor 1*. Duesterdiek "is invested with general powers allowing him to exercise judgment and discretion in corporate matters." *Id.* He's worked for VW for over 25 years and he's the head of a VW department. *See* Dkt. 104 at 2. As a department head, there's no dispute that he exercises judgment and discretion in corporate matters.

*Factor 3*. In the "area regarding which information is sought," Duesterdiek plausibly knows more than anyone employed by VW in a "position[] of higher authority." *In re PFA*, 2021 WL 5991681, at *1. The SEC seeks to learn "which VW employees knew about the defeat device." Dkt. 104 at 5. Duesterdiek is uniquely positioned to testify on that topic. From 2012 to 2016, he was the head of VW's "low emissions engines and exhaust aftertreatment department for diesel engines." Dkt. 104 at 2 (simplified). It's conceivable that the defeat device originated in that department. In 2014, VW also appointed Duesterdiek to head a task force to respond to U.S. regulators' early inquiries about why VW's diesel cars, outside of the testing environment, were emitting unlawfully high levels of NOx emissions. *See id.* In both roles, Duesterdiek was in a position to learn more than any of his superiors about the defeat device.

*Factor 4*. During the relevant period, Duesterdiek had responsibilities "respecting the matters involved in the litigation." *In re PFA*, 2021 WL 5991681, at *1. As just noted, he was the head of the department out of which the defeat-device scheme may have originated, and he oversaw VW's efforts to respond to regulators' questions about VW's diesel cars' NOx emissions.

*Factor 2*. There's some uncertainty about whether Duesterdiek "can be relied upon to give testimony, at his employer's request." *In re PFA*, 2021 WL 5991681, at *1. VW says Duesterdiek "has refused to sit for any deposition, . . . even though he has been advised that VW could face sanctions if he fails to provide testimony." Dkt. 104 at 9. Duesterdiek's lawyer, however, has indicated that Duesterdiek may cooperate "if compelled to testify." Dkt. 104-17 at 3.

Even accepting VW's position, Duesterdiek may not "remain unwilling to appear" if VW is "required to produce [him]." *Elasticsearch, Inc. v. Floragunn GmbH*, No. 19-CV-05553-YGR

(AGT), 2021 WL 1753796, at *2 (N.D. Cal. May 4, 2021) (ordering defendant to produce for deposition foreign freelance programmer who said he didn't "want to participate in the deposition") (emphasis omitted). But because it's not a given that Duesterdiek will testify at VW's request, Factor 2 weighs modestly against a managing-agent finding.[1]

On balance, Factor 2 doesn't outweigh Factors 1, 3, and 4, all of which support a managing-agent finding. This is especially so because if there's "at least a close question as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial." *In re PFA*, 2021 WL 5991681, at *2 (simplified).

\* \* \*

The Court now addresses several arguments raised by VW.

*First*, as to Factors 1, 3, and 4, considered above, VW maintains that the Court should consider only Duesterdiek's *current* position at VW, not the position he held between 2012 and 2016. Duesterdiek is now the head of VW's "QS Field Analysis Department NQ-SP," a role in which he is responsible for "analyzing warranty claims for commercial vehicles." Dkt. 104 at 7–8. That new role admittedly has nothing to do with the SEC's claims, so VW argues that Factors 1, 3, and 4 should weigh against a finding that Duesterdiek is VW's managing agent in this case.

The Court rejects this argument. Although a person's managing-agent status is typically "determined [at] the time of the deposition, not as of the time when the activities disputed in the litigation occurred," *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 629493, at *2 (N.D. Cal. Jan. 13, 2021) (alteration in original) (quoting *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010)), this rule is

---

[1] At this time, the Court need not evaluate whether VW, under German law, could require Duesterdiek to appear for a deposition. *Compare* Dkt. 104-18, Freihube Decl. (declaration in support of the SEC's position that VW could require Duesterdiek to appear), *with* Dkt. 104-19, Thüsing Decl. (declaration in support of VW's position that VW couldn't require Duesterdiek to appear). Foreign laws "do not deprive an American court of the power to order a party to produce evidence under the Federal Rules." *Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico*, No. 07-CV-309-L AJB, 2008 WL 81111, at *6 (S.D. Cal. Jan. 8, 2008).

3

subject to an important exception. When a person has been "reappointed to another position in the corporation, managing agent status that exists at the time of the events at issue does not magically disappear with the person's . . . reassignment." *E.I. DuPoint*, 268 F.R.D. at 49 (simplified). If it did, "an organization could manipulate discovery and frustrate the purpose of the rule simply by moving its managers around whenever it wished to prevent them from being deposed." *Id.*

The exception applies here. Duesterdiek was a managing agent when the events giving rise to the SEC's claims took place. He was VW's "head of the low emissions engines and exhaust aftertreatment department for diesel engines" during several critical years of the defeat-device scheme. Dkt. 104 at 2 (simplified). Because Duesterdiek was a managing agent at that time, he is still a managing agent, even though he is now in a different role. His managing agent status didn't "magically disappear" when he was reassigned. *E.I. DuPoint*, 268 F.R.D. at 49.

*Second*, VW argues that even if Duesterdiek is a managing agent, VW shouldn't be required to produce him for a deposition because his testimony would be "unreasonably cumulative or duplicative" and could "be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). More specifically, VW notes that the SEC has already obtained extensive information about the development of the defeat device, and VW emphasizes that this case is ultimately "about the Bond Offerings," in which Duesterdiek "had no role." Dkt. 104 at 11.

The Court rejects this argument. Duesterdiek, through positions he's had at VW, has plausibly gained a unique and comprehensive understanding of the defeat-device scheme. And as the SEC notes, even though Duesterdiek "might not have assisted in preparing the Bond Offering documents," he can plausibly testify about whether the VW employees who did work on those documents were aware of material facts related to the scheme. Dkt. 104 at 2. Testimony on that topic would be relevant and cannot clearly be obtained from sources that are more convenient, less burdensome, or less expensive.

*Third*, VW notes that Duesterdiek is facing criminal charges in Germany related to the emissions scandal and may invoke the Fifth Amendment if deposed. VW worries that if

4

Duesterdiek invokes the Fifth Amendment, the SEC may be able "to obtain unfair adverse inferences" against VW, "without having to risk the deponent providing substantive answers that contradict the SEC's preferred narrative." Dkt. 104 at 8. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (explaining that it is "permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding").

VW's concern has limited bearing on the present inquiry, which is whether Duesterdiek is VW's managing agent. If Duesterdiek invokes the Fifth Amendment, VW may argue in a motion in limine or at trial that, for various reasons, the trier of fact shouldn't be permitted to draw adverse inferences against VW. But VW's concern about how the SEC will use Duesterdiek's testimony doesn't affect the outcome of the current dispute.

* * *

Thorsten Duesterdiek is a managing agent of VW. Unless leave of Court is obtained, VW must produce him for a deposition on or before March 3, 2023.

**IT IS SO ORDERED.**

Dated: February 10, 2023

Alex G. Tse
United States Magistrate Judge