Gregory P. Joseph (*admitted pro hac vice*)
Peter R. Jerdee (*admitted pro hac vice*)
Christopher J. Stanley (*admitted pro hac vice*)
Benjamin A. Taylor (*admitted pro hac vice*)
JOSEPH HAGE AARONSON LLC
800 Third Avenue, 30th Floor
New York, New York 10022
Telephone:     (212) 407-1210
Facsimile:     (212) 407-1280

*Attorneys for Defendant Martin Winterkorn*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2672 CRB (AGT) |
| This Document Relates to: | **DEFENDANT MARTIN WINTERKORN'S OPPOSITION TO PLAINTIFF SEC'S MOTION FOR SANCTIONS AGAINST VOLKSWAGEN AG TO THE EXTENT IT TARGETS WINTERKORN** |
| *United States Securities & Exchange Commission v. Volkswagen AG et al.*, Case No. 19-cv-1391 | Courtroom: A<br>Judge: Magistrate Judge Alex G. Tse |

Defendant Martin Winterkorn submits this brief in opposition to Plaintiff United States Securities and Exchange Commission's (the "**SEC**") motion for sanctions (the "**Motion**") (ECF 115) against Defendant Volkswagen A.G. ("**VW**") to the extent the motion targets Winterkorn, who is not even alleged to have engaged in sanctionable conduct.[1]

## PRELIMINARY STATEMENT

The SEC asks the Court to impose a series of sanctions against VW arising from the failure of Thorsten Duesterdiek to attend a court-ordered deposition. VW is submitting a brief addressing why it should not be sanctioned based on Duesterdiek's refusal to attend a deposition. Winterkorn submits this opposition brief because the requested sanctions directly target and prejudice Winterkorn, and there are no grounds for sanctioning him.

One of the sanctions the SEC requests is that the Court "deem[] as true and established for purposes of this case" the ostensible fact that Duesterdiek attended an April 2014 meeting discussing the defeat device at which another attendee (Bernd Gottweis) allegedly said—according to an erroneous translation[2]—that Winterkorn would be informed about the content of the meeting. Motion at 3-4, 6; *see also* SEC's Proposed Order (ECF 116). There is no evidence that Gottweis ever did inform Winterkorn about the April 2014 meeting. The record establishes that Gottweis—who has not been deposed, and is not expected to testify, in this case—denied having a discussion with Winterkorn about the April 2014 meeting *in the very same German court filing that the SEC cites*. Winterkorn's interrogatory answers confirm that no such conversation in fact took place. And there is no documentary evidence that such a discussion took place.

Taking as an established fact that Gottweis said he was going to inform Winterkorn about what was discussed at the April 2014 meeting would directly prejudice Winterkorn's defense. There is no

---

[1] Citations to **Taylor Ex.** * refer to the exhibits to the March 31, 2023 Declaration of Benjamin A. Taylor. Emphasis is added to, and internal quotations, brackets and citations are omitted from, quotes in this brief, except as indicated.

[2] As discussed at footnote 7 on page 4, *infra*, the SEC's assertion that Gottweis said Winterkorn would be informed about the April 2014 meeting is based on an erroneous translation of a brief filed by Volkswagen's German counsel, according to which Duesterdiek purportedly stated he recalled Gottweis announced at the meeting that *he wanted to* inform Winterkorn about the content of the discussion.

1

1  basis for the requested order imposing sanctions against Volkswagen to the extent it has the direct and
2  immediate effect of prejudicing Winterkorn.  Rule 37(b)(2) grants district courts discretion to direct, as a
3  sanction for failure to comply with a discovery order, that "designated facts be taken as established for
4  purposes of the action."  But Winterkorn did not violate any discovery order and is not accused of
5  having done so.  As the Ninth Circuit has repeatedly ruled, it is mandatory that "the issue taken as
6  established by the district court b[ear] a reasonable relationship to the subject of discovery by the
7  sanctionable conduct."  *Eagle Eye Produce, Inc. v. Agricola Faader S.P.R. De R.L.*, 2023 WL 2570334,
8  at *2 (9th Cir. Mar. 20, 2023) (unpublished) (citing *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir.
9  2001) ("Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a
10 discovery order as long as the established issue bears a reasonable relationship to the subject of
11 discovery that was frustrated by sanctionable conduct.")).  Winterkorn committed *no* sanctionable
12 conduct.  He is not subject to sanction, and no sanctions should issue that would prejudice Winterkorn's
13 defense.

## QUESTION PRESENTED

May the Court properly impose sanctions on one party that are binding on and prejudice another party, when there are no grounds for sanctioning the second party?

## BACKGROUND

**1.  The SEC's Allegations Against Winterkorn And The Discovery Record So Far**

The SEC alleges that Winterkorn knew about the defeat device installed in Volkswagen's diesel cars before Volkswagen Group of America Finance issued the May 2014, November 2014, and May 2015 bonds at issue in this case (the "**Bonds**" or "**Bond Issuances**").[3]  Winterkorn denies these allegations.[4]

In the depositions taken to date, no witness has testified that Winterkorn knew about the defeat device before any of the Bond Issuances.  Winterkorn has not yet given his testimony in this case.

---

[3]   SEC's Amended Complaint (MDL ECF 7683) ¶¶2, 12, 95, 116, 132.
[4]   Winterkorn's Answer to the SEC's Amended Complaint (MDL ECF 7726) ¶¶2, 12, 95, 116, 132.

2

Winterkorn understands that the SEC has been in discussions with other U.S. government agencies about the appropriate inter-governmental channels for taking Winterkorn's testimony in a manner that complies with the parties' stipulation, which was so-ordered by this Court on July 3, 2019, under which the SEC agreed that Winterkorn would have his testimony taken in Germany in a manner that "does not expose [Winterkorn] to any risk of violating German law[.]" So-Ordered Stipulation (MDL ECF 6428) ¶2.[5]  Although Winterkorn has not been deposed in this case, he has submitted interrogatory responses describing when he learned about various aspects of the defeat device scandal.[6]  Those interrogatory responses show that he did not learn about the defeat device until after the Bond Issuances.

### 2. The SEC Seeks a Determination That Gottweis Stated That Winterkorn Would Be Informed About An April 28, 2014 Meeting Concerning The Defeat Device

While the SEC's Motion is captioned as a motion for sanctions against VW, the relief that the SEC seeks would be binding on Winterkorn and would prejudice his defense at trial. With its Motion, the SEC submitted a Proposed Order that "deems as true and established for purposes of this case all facts supporting the SEC's allegations as to which Duesterdiek could testify to, including those facts set forth above in Section III.A. of the SEC's Motion." *See also* Motion at 6. Nothing about the Proposed Order limits the requested relief to VW or indicates that it would not be binding on Winterkorn. Nor would any such limitation be meaningful, if belatedly sought. "[I]f you throw a skunk into the jury box, you can't instruct the jury not to smell it." *United States v. Delgado*, 631 F.3d 685, 706 (5th Cir. 2011); *accord United States v. Patwardhan*, 2013 WL 2428371, at *5 (C.D. Cal. June 3, 2013).

The referenced facts in Section III.A of the SEC's motion include a fact that directly concerns the SEC's allegations that Winterkorn knew about the defeat device before the May 2014, November 2014, and May 2015 bonds at issue in this case were issued. Specifically, the SEC's motion asks the Court to deem as admitted that at the conclusion of the April 28, 2014 meeting at which Duesterdiek allegedly informed Gottweis about a defeat device illegal under U.S. law, "Gottweis announced that

---

[5]   In that so-ordered stipulation, the SEC further "agree[d] not to seek an order that would compel [Winterkorn] to testify outside of Germany or to violate German law[.]" *Id.* ¶3.

[6]   Taylor Ex. 1 at 7-13, 17-22.

3

Prof. Dr. Martin Winterkorn will be informed about the content of the conversation." Motion at 3-4. The quoted language comes from the SEC's translation of a filing that VW had made in Germany (the "**Hengeler Mueller German Court Filing**"), excerpts of which are attached to the March 17, 2023 Declaration of Daniel J. Hayes ("**Hayes Decl.**") as Exhibit 1.[7]

### 3. There is No Evidence that Gottweis Ever Discussed the April 28, 2014 Meeting with Winterkorn

The SEC's motion omits that the Hengeler Mueller German Court Filing goes on to say that there is no evidence that Winterkorn was informed about the April 28, 2014 conversation. It says: "Bernd Gottweis denies having said that Prof. Dr. Martin Winterkorn would have to be informed." Hayes Decl. Ex. 1 ¶615. "[A] discussion between Bernd Gottweis and Prof. Dr. Martin Winterkorn on the content of the meeting on April 28, 2014 did not take place." *Id.* ¶616.

The Hengeler Mueller German Court Filing is clearly correct. There is no evidence that there was a discussion between Gottweis and Winterkorn about the April 28, 2014 meeting. No witness has testified to such a discussion and there is no documentary evidence of such a discussion. Winterkorn's detailed sworn interrogatory responses submitted in this action—describing when Winterkorn was informed about certain information regarding the diesel scandal—show that there was no such discussion between Gottweis and Winterkorn. *See* Taylor Ex. 1 at 7-13, 17-22.

### 4. The SEC Seeks an Order Precluding Winterkorn From Making Certain Arguments

The SEC's Proposed Order also provides that "Defendants" including Winterkorn "are barred from calling Duesterdiek as a witness at any trial or hearing and are barred from presenting any evidence or argument based on his testimony." Winterkorn does not presently intend to call Duesterdiek as a witness at any trial or hearing or to otherwise invoke Duesterdiek's testimony as evidence. But, if the SEC tries to make arguments about Duesterdiek's testimony (or what that testimony would have been),

---

[7] As VW's filing in opposition to the SEC's Motion shows, the SEC's translation of the Hengeler Mueller German Court Filing is erroneous. As VW demonstrates, Paragraph 614 in fact says that, according to some participants in the meeting, "Bernd Gottweis supposedly announced that *he wanted to* inform Prof. Dr. Martin Winterkorn about the content of the discussion"—not that Dr. Martin Winterkorn would be informed. March 31, 2023 Declaration of Suhana Han ("**Han Decl.**") Ex. H ¶614. It would be highly inappropriate to take as an established fact a misinterpretation.

4

Winterkorn must be free to respond. The sanction sought by the SEC would effectively nullify any testimony on the subject that Winterkorn may give once the SEC gets the proper clearance to obtain his testimony.

## ARGUMENT

Deeming facts admitted pursuant to Rule 37(b)(2)(A)(i) is particularly powerful because "it disables the party from doing anything to contest the allegation." *Smith v. Chicago Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1145 (7th Cir. 1999). Courts do not lightly impose this sanction. "Generally, the more severe the consequences of deeming the particular facts established, the more egregious the underlying misconduct must be." 7 MOORE'S FEDERAL PRACTICE § 37.51[2] (2022). The consequences on Winterkorn here are extraordinarily severe—the jury will effectively be directed to conclude that Winterkorn knew about the defeat device at the time of the Bond Issuances, which is the key issue to be tried. And Winterkorn has committed no misconduct at all.

### 1. Winterkorn Should Not Be Sanctioned Based On A Discovery Order Sought Against VW

District courts have "broad discretion" when setting discovery sanctions under Rule 37. *Astellas Pharma, Inc. v. Impax Labs., Inc.*, 2009 WL 2392166, at *4 (N.D. Cal. Aug. 4, 2009); *see also In re Apple iPhone Antitrust Litig.* 2021 WL 1267258, at *1 (N.D. Cal. Apr. 6, 2021) ("Rule 37 does indeed give courts broad discretion to fashion appropriate sanctions."). In exercising that discretion, courts consider the propriety of imposing sanctions on a party that does not comply with discovery orders. But, when imposing sanctions, courts are not to punish other parties—such as co-defendants or co-plaintiffs—that did not violate any discovery order.

Thus, courts will tailor any sanctions that they impose under Rule 37, to ensure that they do not prejudice other parties that engaged in no sanctionable conduct. For example, in *Toste v. Lewis Controls, Inc.*, this Court considered imposing sanctions in a personal injury lawsuit concerning injuries the plaintiff suffered from a shattered saw blade in a lumber mill. 1996 WL 101189 (N.D. Cal. Feb. 27, 1996). Arcata Redwood Company—which was responsible for the computer program controlling the saw blade—had thrown away the broken blade, spoliating evidence. A defendant sought adverse inferences against Arcata Redwood Company's insurer. The Court declined to award sanctions against

5

the insurer because, among other things, the sanctions "might prejudice" the plaintiff, who had had nothing to do with the spoliation, and there was no authority for "impos[ing] sanctions adverse to a blameless party." *Id.* at *7.

Similarly, in *United States v. HVI Cat Canyon, Inc.*, the defendant sought sanctions because the State of California—which was a co-plaintiff with the United States—had not put in place an appropriate litigation hold. 2015 WL 12766161, at *2 (C.D. Cal. Nov. 20, 2015). The District Court rejected adverse inferences against the plaintiffs because there were no grounds for sanctioning the United States, which had not engaged in any wrongful conduct, and any adverse inference would prejudice the United States. *Id.*

In *Apple Inc. v. Samsung Elecs. Co.*, one of three defendants (all Samsung entities) spoliated evidence. 888 F. Supp. 2d 976, 995 (N.D. Cal. 2012). On a sanctions motion, this Court concluded that there was no "justification for imposing an adverse inference instruction against all three Samsung entity defendants, where the record only supports a finding that Samsung Electronics Co., Ltd. … engaged in any spoliation of evidence." *Id.*[8]

The teaching of these cases is clear: Sanctions under Rule 37 should not prejudice blameless parties. In its Motion, the SEC offers no argument for why Winterkorn—who is not even alleged to have violated any discovery order—should be bound by the adverse findings that it seeks. None of the cases that it cites justify imposing sanctions against a party that did not violate a discovery order.

**2. The Conclusive Finding Binding Winterkorn Is Unwarranted**

When exercising its discretion, this Court should consider the impact that any sanctions it imposes would have on Winterkorn. The finding that the SEC seeks concerning Gottweis's supposed statement that Winterkorn would be informed about the April 28, 2014 meeting would be particularly inappropriate. *See* Motion at 3-4, 6.

---

[8] Similarly, several courts have held that parties cannot be sanctioned based on a non-party's conduct, absent an agency relationship. *See, e.g.*, *Conan v. City of Fontana*, 2017 WL 3530350, at *5 (C.D. Cal. Aug. 16, 2017) ("even if Plaintiffs had proven the bar destroyed the video, the Court will not impute the non-party's destruction of evidence on Defendants. Spoliation of evidence may be imputed to a [party] who did not participate in the spoliation only where the destroying party is the 'agent' of that party.").

6

*First*, because Duesterdiek has not testified, Winterkorn—just like the SEC—has been denied the opportunity to cross-examine him. Winterkorn contends that the defeat device was created by a group of employees at Volkswagen who never told Winterkorn or other members of Volkswagen's senior management. Winterkorn has had no opportunity to ask Duesterdiek questions that would show that Winterkorn never approved of the defeat device and that Duesterdiek had no personal knowledge about when Winterkorn learned about the defeat device.

The SEC speculates that, if Duesterdiek had sat for a deposition, he would have invoked the Fifth Amendment. Motion at 5 n.3. If he did, the SEC would have garnered no admissible evidence against Winterkorn. Duesterdiek's invocation of the Fifth Amendment would not be grounds for drawing an adverse inference *against Winterkorn*.[9] Winterkorn has no control over Duesterdiek's testimony, and Winterkorn and Duesterdiek have different interests—Winterkorn wants to show that Duesterdiek and his colleagues were acting without senior management approval.[10] The SEC is seeking to leverage Duesterdiek's refusal to attend a deposition into an adverse finding against Winterkorn, when it would have received no evidence against Winterkorn from a deposition.

*Second*, Gottweis's supposed comment has very limited probative value. First of all, it is rank hearsay. Second, even assuming it were admissible, the statement by Gottweis—whether it was that "he wanted to inform" Winterkorn of the discussion at the April 2014 meeting (Han Decl. Ex. H ¶614) or that Winterkorn "will be informed" of that discussion (Hayes Decl. Ex. 1 ¶614)—does not tell the fact-finder whether Winterkorn was in fact told of the discussion. There is no evidence that he was. Nor

---

[9] *See United States v. $45,357.00 In U.S. Currency*, 2017 WL 11636202, at *7 (C.D. Cal. Aug. 1, 2017) (rejecting request for adverse inference and noting "the Court could not identify[ ] any precedent in this Circuit that allows adverse inferences to be drawn against a party based on a non-party's invocation of the Fifth Amendment"); *Cotton v. City of Eureka*, 2010 WL 2889498, at *4 (N.D. Cal. July 22, 2010) (rejecting request for adverse inference).

[10] *See MicroTechnologies, LLC v. Autonomy, Inc.*, 2018 WL 5013567, at *3 (N.D. Cal. Oct. 16, 2018) ("an inference against [defendant] is inappropriate under the Second Circuit's widely cited test for adverse inference based on non-party witnesses, because [defendant] does not control [the witnesses], there is at this point no special relationship of loyalty between them, their interests are not aligned, and the [witnesses] have not controlled or participated in this litigation") (citing *LiButti v. United States*, 107 F.3d 110, 123–24 (2d Cir. 1997)).

7

**DEFENDANT MARTIN WINTERKORN'S OPPOSITION TO PLAINTIFF SEC'S MOTION FOR SANCTIONS AGAINST VOLKSWAGEN AG TO THE EXTENT IT TARGETS WINTERKORN – MDL NO. 2672 CRB (AGT)**

does the purported Gottweis statement tell the fact-finder *what* Winterkorn was supposedly told or *when*—which are the critical issues for the SEC's claim that Winterkorn knew about the defeat device before the Bond Issuances. If a jury is told by the Court that Gottweis in fact made this statement—which is what the SEC seeks—it will effectively direct the jury to find that Winterkorn was told about the defeat device before the Bond Issuances, precluding any meaningful defense.

*Third*, the SEC's proposed sanction would have the effect of admitting into evidence parts of the Hengeler Mueller German Court Filing that the SEC likes, without admitting other parts which provide necessary context. Under Federal Rule of Evidence 106, "[i]f a party introduces all or part of a writing…, an adverse party may require the introduction, at that time, of any other part … that in fairness ought to be considered at the same time." Under that rule, the SEC may not offer ¶614's statement without the fact-finder hearing ¶616's statement that "a discussion between Bernd Gottweis and Prof. Dr. Martin Winterkorn on the content of the meeting on April 28, 2014 did not take place." Hayes Decl. Ex. 1 ¶616. Fairness dictates that the SEC not be permitted to circumvent Rule 106.

## CONCLUSION

No sanctions may properly issue against Winterkorn, and no sanctions should be binding on Winterkorn or prejudice his defense.

Dated: March 31, 2023

Respectfully submitted,

JOSEPH HAGE AARONSON LLC

By: /s/ *Gregory P. Joseph*
Gregory P. Joseph (*admitted pro hac vice*)
Peter R. Jerdee (*admitted pro hac vice*)
Christopher J. Stanley (*admitted pro hac vice*)
Benjamin A. Taylor (*admitted pro hac vice*)
800 Third Avenue, 30th Floor
New York, New York 10022
Tel: (212) 407-1210
Fax: (212) 407-1280

*Attorneys for Defendant Martin Winterkorn*

907675

8

**DEFENDANT MARTIN WINTERKORN'S OPPOSITION TO PLAINTIFF SEC'S MOTION FOR SANCTIONS AGAINST VOLKSWAGEN AG
TO THE EXTENT IT TARGETS WINTERKORN – MDL NO. 2672 CRB (AGT)**