UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, et al.,<br><br>Defendants. | Case No. 19-cv-01391-CRB (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 113, 115, 123 |

  The Court won't sanction VW for failing to produce Thorsten Duesterdiek for a deposition. Duesterdiek is one of VW's managing agents, and the Court ordered VW to make him available. *See* Dkt. 106. But despite VW's repeated appeals, Duesterdiek has refused to be deposed. He is on trial in Germany for criminal charges related to the "clean diesel" emissions fraud, and he has told VW that he won't sit for a deposition or submit a declaration in this case unless an order is issued "against him personally by a court of competent jurisdiction." Dkt. 113-3 at 2–3; *see also* Dkt. 113-6 at 2. The parties haven't suggested that this Court could issue such an order against Duesterdiek personally.

  VW has used its best efforts to produce Duesterdiek, and at this point it's unclear what else VW can do. The SEC says VW should discipline Duesterdiek or threaten to fire him if he doesn't appear, but VW believes it would face legal consequences in Germany if it did so. VW's concerns aren't fantastical. Dr. Thuesing, a German labor law professor, has opined that Duesterdiek "act[ed] within his rights under German law not to comply with [VW's] request to testify" and would likely prevail in a civil suit against VW if VW disciplined him. Dkt. 104-19 at 23; *see also* Dkt. 113-7 (reaching the same conclusion as to the request that Duesterdiek

submit a declaration). Whether Dr. Thuesing's predictions would come true can't be definitively determined; but Dr. Thuesing's analysis of German law is cogent, and VW sensibly doesn't want to act against it.

Even so, it is true that the Court has the authority to enforce its discovery orders and to impose sanctions when its orders are not obeyed. *See* Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(i). But under the circumstances, the Court, in its discretion, concludes that sanctions are not warranted. VW, in the Court's judgment, hasn't acted in bad faith. And in the absence of bad faith, the Court isn't inclined to impose sanctions that could tilt the case sharply in the SEC's favor. Also, while Duesterdiek's testimony could have helped the SEC, the SEC hasn't suggested that it needs Duesterdiek's testimony to satisfy its burden of proof. The SEC presumably has other evidence at its disposal, and Duesterdiek's nonappearance shouldn't doom the SEC's case.

The SEC's motion for sanctions is denied. So too is VW's motion for reconsideration of the Court's February 10 order. *See* Dkts. 106, 113. There's no need for the Court to reconsider that order, in which the Court held that Duesterdiek was a managing agent of VW, given the Court's conclusion that sanctions aren't warranted for Duesterdiek's nonappearance. VW's motion for leave to file a sur-reply to the SEC's motion for sanctions is also denied. *See* Dkt. 123.

For the avoidance of doubt, the Court notes that VW has agreed not to call Duesterdiek as a witness. *See* Dkt. 120 at 15. VW must abide by that promise. Also, this order is without prejudice to the SEC and VW preparing a statement for the jury explaining why Duesterdiek didn't testify or appear for his deposition.

**IT IS SO ORDERED.**

Dated: April 21, 2023

_____
Alex G. Tse
United States Magistrate Judge