IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*U.S. S.E.C. v. Volkswagen AG*, No. 3:19-cv-1391-CRB. | Case No. 19-cv-01391-CRB<br><br>**ORDER GRANTING AGREED MOTION FOR ENTRY OF FINAL JUDGMENT** |

The Securities and Exchange Commission ("SEC") and Defendant Volkswagen Group of America Finance, LLC ("Defendant") reached a settlement and jointly move for entry of final judgment. For the reasons described below, the Court GRANTS the motion.

## I.     BACKGROUND

In 2019, the SEC brought a civil enforcement action alleging that Defendant, among others, perpetrated a massive fraud to mislead "United States investors, consumers, and regulators as part of an illegal scheme to sell its purportedly 'clean diesel' cars and billions of dollars of corporate bonds in the United States," in violation of the Securities act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). See Am. Compl. (dkt. 49) ¶¶ 1, 24. The SEC sought a permanent injunction, disgorgement with prejudgment interest, and civil penalties. Am. Compl. ¶ 24.

In February 2024, Defendant agreed to settle the SEC's charges and, "[w]ithout admitting or denying the allegations of the amended complaint," consented to entry of the Proposed Final Judgment (dkt. 135-1). See Consent (dkt. 135-2) at 1.

Under the Proposed Final Judgment, Defendant is (1) permanently restrained and

enjoined from future violations of Section 10(b) of the Exchange Act and Section 17(a) of the Securities Act, and (2) ordered to pay disgorgement of $34,350,000, plus prejudgment interest thereon in the amount of $14,400,000. See Proposed Final Judgment at 2–3. Defendant's payments will be put in a segregated fund established by the SEC, to be distributed "to affected investors subject to the Court's approval." Id. at 4. In addition, Defendant waived its right to appeal from the Proposed Final Judgment. Id. at 1; Consent at 2.

The Proposed Final Judgment, along with a subsequent stipulation, see Stipulation (dkt. 135-3), "will fully resolve the SEC's claims against all Defendants in this lawsuit involving the three bond offerings in 2014 and 2015." Mot. at 4.

## II. LEGAL STANDARD

Approval of a settlement in an SEC enforcement case is appropriate "[u]nless a consent decree is unfair, inadequate, or unreasonable . . . ." SEC v. Randolph, 736 F.2d 525, 529 (9th Cir. 1984). A court "need not require that the decree be 'in the public's best interest' if it is otherwise reasonable." United States v. Oregon, 913 F.2d 576, 581 (9th Cir. 1990) (quoting Randolph, 736 F.2d at 529). Courts give deference "to the judgment of the government agency which has negotiated and submitted the proposed judgment." Id.

To determine whether a settlement meets the "fair, adequate and reasonable" standard, courts consider first the procedural fairness, and then the substantive fairness. See United States v. Coeur d'Alenes Co., 767 F.3d 873, 877 (9th Cir. 2014). If "the court is satisfied that the decree was the product of good faith, arms-length negotiations, a negotiated decree is presumptively valid." Oregon, 913 F.2d at 581.

## III. DISCUSSION

The Proposed Final Judgment satisfies the above factors, and the Court therefore grants the parties' motion for entry of final judgment.

First, the Court finds that the Proposed Final Judgment is the product of "good faith, arms-length negotiations." Oregon, 913 F.2d at 581. The parties, both sophisticated

entities represented by counsel, engaged in "years of extensive discovery and arm's-length negotiations" and this "good-faith compromise of contested claims" followed. See Mot. at 2. Accordingly, the Court concludes that there is no procedural unfairness.

        Second, the Court finds that the terms of the Proposed Final Judgment are substantively fair, adequate, reasonable. "A court evaluating a proposed S.E.C. consent decree for fairness and reasonableness should, at a minimum, assess (1) the basic legality of the decree . . .; (2) whether the terms of the decree, including its enforcement mechanism, are clear . . .; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." U.S.S.E.C. v. Citigroup Glob. Markets, Inc., 752 F.3d 285, 294–95 (2d Cir. 2014).

        The Proposed Final Judgment includes the following remedies: a permanent injunction from future violations of the federal securities laws, disgorgement of profits, and prejudgment interest on the disgorgement amount. See Proposed Final Judgment at 4. These are all legal remedies. See SEC v. Rothenberg, 2018 WL 11436313, at *2 (N.D. Cal. Oct. 16, 2018) (injunction); Liu v. SEC, 140 S. Ct. 1936, 1940 (2020) (disgorgement); SEC v. Platforms Wireless Intern. Corp., 617 F.3d 1072, 1099 (9th Cir. 2010) (prejudgment interest). The terms of the Proposed Final Judgment, including as to the scope of the injunction, the process for paying disgorgement and prejudgment interest, and the enforcement mechanism are clear. See Proposed Final Judgment at 2–4. The Proposed Final Judgment also resolves all outstanding claims in the litigation against Defendant,[1] and Defendant waives its right to appeal from it. Id. at 1–4; see Mot. at 3. Finally, there is no indication that the Proposed Final Judgment is tainted by any improper collusion or corruption.

        The Court also finds that the Proposed Final Judgment is in the public interest, as the SEC has secured injunctive and monetary relief, and the funds will be redistributed to

---

[1] And a stipulation (filed in conjunction with the Proposed Final Judgment) voluntarily dismisses claims with prejudice as to the rest of the Defendants. See Stipulation.

3

the affected investors. That this result occurs without the time and expense of a trial on liability further benefits the public.

The Court is satisfied that the Proposed Final Judgment is fair, adequate, and reasonable—especially given the deference owed to the SEC. <u>Randolph</u>, 736 F.2d at 529.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the parties' agreed motion for entry of final judgment. The Court will issue an order to enter the Proposed Final Judgment.

**IT IS SO ORDERED.**

Dated: April 3, 2024



CHARLES R. BREYER
United States District Judge